TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL MOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>    Defendants. | Case No. 2:21-cv-02990-RGK(MARx)<br><br>**DEFENDANTS UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND DECLARATIONS OF STEPHEN J. JOBE AND AUSA VICTOR A. RODGERS**<br><br>Date:    July 6, 2021<br>Time:    9:00 a.m.<br>Courtroom: 850, the Honorable<br>          R. Gary Klausner |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.   INTRODUCTION......................................................1

II.  PLAINTIFF HAS NOT SHOWN THAT EQUITABLE JURISDICTION
     EXISTS HERE.......................................................1

III. PLAINTIFF SHOULD NOT BE ALLOWED TO PROCEED USING A
     PSEUDONYM.........................................................8

IV.  CONCLUSION.......................................................10

DECLARATION OF STEPHEN J. JOBE........................................11

DECLARATION OF VICTOR A. RODGERS......................................14

**TABLE OF AUTHORITIES**

**Federal Cases**

Blair v. IRS,
  304 F.3d 861 (9th Cir. 2002) ........................................ 7

Doe v. City of Simi Valley,
  2012 WL 12507598 (C.D. Cal. Oct. 29, 2012) ......................... 9

E.E.O.C. v. ABM Indus. Inc.,
  249 F.R.D. 588 ..................................................... 9

Foster v. United States,
  522 F.3d 1071 (9th Cir. 2008) ...................................... 7

Free Speech v. Reno,
  1999 WL 47310 (S.D.N.Y. Feb. 1, 1999) .............................. 9

Gillespie v. Civiletti,
  629 F.2d 637 (9th Cir. 1980) ....................................... 7

Ladele v. United States,
  2010 WL 476957 n.25 (C.D. Cal. Feb. 2, 2010) .................... 7, 8

Publius v. Boyer-Vine,
  321 F.R.D. 358 (E.D. Cal. 2017) .................................... 9

Ramsden v. United States,
  2 F.3d 322 (9th Cir. 1993) ......................................... 6

Serrano v. Customs and Border Patrol, U.S. Customs and Border
  Protection,
  975 F.3d 488 (5th Cir. 2020) ....................................... 8

United States v. 2nd Amendment Guns, LLC,
  917 F. Supp. 2d 1120 (D. Or. 2012) ................................. 5

United States v. $100,348.00 in U.S. Currency,
  354 F.3d 1110 (9th Cir. 2004) ..................................... 10

U.S. v. Bluitt,
  815 F. Supp. 1314 (N.D. Cal. 1992) ................................. 8

United States v. Clagett,
  3 F.3d 1355 (9th Cir. 1993) ........................................ 8

United States v. Cretacci,
  62 F.3d 307 (9th Cir. 1995) ....................................... 10

**TABLE OF AUTHORITIES CONTINUED**

United States v. Elias,
  921 F.2d 870 (9th Cir. 1990) .................................... 1, 3

United States v. Mills,
  991 F.2d 609 (9th Cir. 1993) ....................................... 6

United States v. Mitchell,
  445 U.S. 535 (1980) ................................................ 7

United States v. Ritchie,
  342 F.3d 903 (9th Cir. 2003) ....................................... 8

United States v. Yeager,
  120 F.3d 264 (4th Cir. 1997) ....................................... 9

**Federal Statutes**

18 U.S.C. § 983(a)(1)(A)(v) ....................................... 10

18 U.S.C. § 983(a)(2) ........................................... 4, 11

18 U.S.C. § 983(a)(2)(A) ........................................... 4

18 U.S.C. § 983(a)(2)(B) ........................................... 4

18 U.S.C. § 983(a)(2)(C) ........................................... 4

18 U.S.C. § 983(a)(3)(A) ........................................ 3, 5

18 U.S.C. § 983(a)(3)(B) ........................................ 3, 5

18 U.S.C. § 983(f) ................................................. 5

28 U.S.C. § 1331 ................................................... 7

28 U.S.C. § 1346(b) ................................................ 7

28 U.S.C. § 1746 ............................................... 3, 11

28 U.S.C. § 2671 ................................................... 7

28 U.S.C. § 2672 ................................................... 7

28 U.S.C. § 2675 ................................................... 7

**TABLE OF AUTHORITIES CONTINUED**

**Federal Rules**

Fed. R. Civ. P. 12(a)(2) .......................................... 2

Fed. R. Civ. P. 12(b)(1) .......................................... 1

Fed. R. Civ. P. 12(b)(6) .......................................... 1

Fed. R. Crim. P. 41(g) ....................................... passim

Supp. R. Civ. P. G(5)(a)(i)(B) .................................... 4

**Federal Regulations**

28 C.F.R. § 8.2 ................................................... 4

28 C.F.R. § 8.10(a) ............................................... 4

28 C.F.R. § 8.10(b) ........................................... 3, 11

28 C.F.R. § 8.10(b)(1) ............................................ 4

28 C.F.R. § 8.10(b)(2) ............................................ 4

28 C.F.R. § 8.10(b)(3) ............................................ 3

28 C.F.R. § 8.10(e) ............................................... 3

28 C.F.R. § 8.10(g) ........................................... 3, 11

28 C.F.R. § 8.12 .................................................. 3

39 C.F.R. § 946 ................................................... 8

39 C.F.R. § 946.1 ................................................. 8

39 C.F.R. § 946.2 ................................................. 8

39 C.F.R. § 946.9 ................................................. 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

Defendants United States of America, Tracy L. Wilkison and Kristi Koons Johnson (collectively, "the government") respectfully submit this reply memorandum of points and authorities in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff's opposition does not overcome the reasons set forth in the government's moving papers that warrant that his action be dismissed.

**II.  PLAINTIFF HAS NOT SHOWN THAT EQUITABLE JURISDICTION EXISTS HERE.**

Plaintiff's opposition ignores the government's cases holding that (i) the burden of establishing subject matter jurisdiction rests on the party seeking to invoke it and the presumption is that courts lack subject matter jurisdiction (moving papers 5:10-19); (ii) a factual attack on subject matter jurisdiction does not require a court to accept a complaint's allegations as true, but rather permits courts to weigh extrinsic evidence in deciding whether a plaintiff has discharged his burden (id. at 5:25-6:7); and (iii) Fed. R. Crim. P. 41(g) ("Rule 41(g)") motions invoke the Court's equitable/subject matter jurisdiction for which relief is unavailable where an adequate remedy at law exists (moving papers 7:3-6 and 7:19-8:5).

Similarly, plaintiff does not discuss or refute the government's cases holding that the commencement of administrative forfeiture proceedings provides plaintiff with an adequate remedy at law, which has been the rule consistently followed for over 30 years in this Circuit as well as other Circuits since the decision in United States

1

1  v. Elias, 921 F.2d 870 (9th Cir. 1990) (moving papers 8:6-11:3 and
2  11:24-29 n.3), or the cases dismissing Rule 41(g) motions on the
3  ground that forfeiture proceedings provide an adequate remedy at law
4  to raise any claim, like plaintiff's claim here, that the seizure
5  violated the Fourth and Fifth Amendments.  Id. at 11:4-12:15.
6       Rather than dispute these points, plaintiff instead argues at
7  length about the May 20 and 21, 2021 pre-filing conferences of
8  counsel regarding these motions, but plaintiff's counsel is simply
9  wrong regarding the reasons the conference had to occur then.[1]  And
10 plaintiff's arguments on the merits, in addition to ignoring the
11 government's cases, are both factually and legally incorrect.
12      Plaintiff argues that the FBI's administrative forfeiture
13 proceeding has terminated because USPV submitted a claim on June 11,
14 2021 for all the seized property.  However, merely submitting a claim
15 does not terminate the proceeding, as upon receipt of a claim, the
16 FBI replies with an email advising "[s]uccessful filing of your claim
17 does not ensure your claim is valid."  Rodgers Decl. Ex. A.  Once a
18 seizing agency (like the FBI) receives a valid claim to contest the

---

[1] The same law firm served at different times the four virtually identical complaints involved here. The government saw no reason to file four separate motions at different times with separate hearing dates depending upon the individual case response deadlines. Under Fed. R. Civ. P. 12(a)(2), the government's response to a complaint is due 60 days after service, and the first due date (the John Doe case that involved currency situated in his box) was Friday, May 28 because the 60th day fell on the Monday, May 31 Memorial Day holiday, meaning that a pre-filing conference of counsel had to occur by May 21, or 7 days before the May 28 filing deadline, as required under Local Rule 7-3 (see docket nos. 18-21 in Doe v. United States of America, et al., Case No. 2:21-cv-02803 (proofs of service), and the forfeiture notices were not sent until May 20.  In addition, the government moved ex parte in the Coe case, because Coe filed a motion for the return of property on May 5, 2021 (docket no. 25) and set a hearing date requiring an opposition in 7 days because plaintiff's counsel declined to accept as controlling the Ninth Circuit authorities the government provided showing that the motion was subject to a 60-day and not a 7-day response date.

administrative forfeiture of an asset, the seizing agency suspends the administrative forfeiture proceeding as to the asset (28 C.F.R. § 8.10(e)), cannot forfeit the asset by issuing a "declaration of administrative forfeiture," which is the equivalent of a court judgment of forfeiture in a judicial case (28 C.F.R. § 8.12) and must refer the matter to the USAO (28 C.F.R. § 8.10(e)), and the government must release the property if the USAO does not file a judicial forfeiture complaint within 90 days after the seizing agency received the claim (18 U.S.C. § 983(a)(3)(A) & (B)).

But where an otherwise timely claim is invalid because it does not meet the requirements for a valid claim set forth in 28 C.F.R. § 8.10(b), the seizing agency may notify the submitter of this fact and allow the submitter a reasonable time to cure the defect. 28 C.F.R. § 8.10(g); Jobe Decl. ¶ 5. The USPV claim is invalid because a claim must "[b]e made under oath by the claimant, <u>not counsel for the claimant</u>, and recite that it is made under penalty of perjury, consistent with the requirements of 28 U.S.C. 1746." 28 C.F.R. § 8.10(b)(3) (emphasis added); Jobe Decl. ¶ 4. The USPV claim is signed by USPV's attorney (Michael Singer, Esq.), not USPV itself. <u>See</u> Docket 28-3 (Gluck Decl. Ex. B [USPV claim--<u>see</u> page 2 of 24 identifying Michael Singer as attorney and page 5 of 24 reflecting that attorney Michael Singer signed the claim]).

Similarly unavailing is plaintiff's argument regarding the validity of the claim he has submitted using a pseudonym. In opposing one of the multiple TROs in this matter that required a response in 24 hours, the government made confusing arguments, and sincerely apologizes for doing so, with regard to the laws and regulations governing the required contents of an administrative

3

claim.  The government's confusing argument may have caused the Court to conclude, as plaintiff's assert (oppo. at 10:22-25 n.2), that the government had not cited any statute or regulation requiring claimants in an administrative forfeiture proceeding to identify themselves by their legal names.  In fact, however, the regulations do contain this requirement.

A person "must file a claim with the appropriate official" (28 C.F.R. § 8.10(a)), which is "the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel, FBI" (28 C.F.R. § 8.2 [Definitions] and whose declaration (Stephen J. Jobe) is submitted herewith, to compel the seizing agency to refer the matter to the USAO, and require the USAO to, within 90 days, either file a judicial forfeiture action or release the property (as mentioned above).  As to the contents of the claim submitted to the seizing agency, the regulations provide that "[a] claim shall (1) identify the specific property being claimed; [and] <u>identify the claimant</u> and state the claimant's interest in the property."  28 C.F.R. 8.10(b)(1) & (2) (emphasis added); Jobe Decl. ¶ 4.  This regulation, unlike 18 U.S.C. § 983(a)(2)(A)-(C) which also pertains to claims submitted in administrative forfeiture proceedings, makes clear that that the administrative claim must identify the claimant.  <u>Id.</u>  Accordingly, plaintiff's claim using a pseudonym[2] is also invalid.

Plaintiff's claim that the administrative proceedings have ended and therefore jurisdiction lies is thus wrong.  In fact, even if a

---

[2] <u>See also</u> Supplemental Rule G(5)(a)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which similarly provides that claims filed in <u>judicial</u> forfeiture proceedings must "identify the claimant and state the claimant's interest in the property."

4

valid claim had been submitted, plaintiff's argument would still fail because 90 days have not elapsed since the claim submission date.

Once the seizing agency receives a claim, the USAO is given 90 days under 18 U.S.C. § 983(a)(3)(A) & (B) to file a judicial forfeiture action. As the court noted in <u>United States v. 2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d 1120 (D. Or. 2012), cited at moving papers 12:1-5, in denying a Rule 41(g) motion because administrative forfeiture proceedings had been commenced, it made no difference that claimant had submitted a claim and the government had not yet filed a judicial forfeiture action, because Congress has given the government 90 days pursuant to 18 U.S.C. § 983(a)(3)(A) & (B) to decide how to proceed: by either filing a judicial complaint or releasing the property. <u>Id.</u> at 1122. Further, if a claimant asserts he has an immediate need for property, the claimant still has an adequate remedy at law because he may seek immediate return of the property by filing a hardship petition pursuant to 18 U.S.C. § 983(f). <u>2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d at 1122.

Plaintiff's remaining arguments are equally unpersuasive. According to counsel's conclusory, hearsay and inadmissible declaration, each plaintiff seeks the return of property not listed on the USPV forfeiture notice, and suggests that such a conclusory allegation should suffice. Oppo. 14:22-25. To be clear, plaintiff makes this argument in conjunction with his refusal to disclose to the government either the specific property he seeks to have returned (in a case seeking the return of property) or his identity. Plaintiff's argument should be soundly rejected.

Coe's complaint identifies his box number and "currency" as the box's contents, the other plaintiffs' complaints identify the items

they seek to have returned as "non-contraband valuable property" (moving papers 2:13-18), while counsel further averred that Doe "keeps valuables in his boxes, including jewelry, currency, coins, and bullion" (Docket 7-1 in Doe v. United States, 2:21-cv-0283 [Gluck Decl. ¶ 2]), which description suggests that Doe's boxes do include items within the forfeiture proceedings despite his claim otherwise.

But the information plaintiff refuses to disclose, i.e., his identity, the specific items he seeks to have returned or, with the exception of Coe, his box number lies at the very core of plaintiff's action; plaintiff's failure to provide it places the government in an extreme litigation disadvantage. The government is returning items in boxes that are not included in the forfeiture proceedings because they are not within the USPV May 20, 2021 forfeiture notice letter, but needs to know the identity of the boxholder to make sure the items are returned to the rightful owner. As to boxes within the forfeiture proceeding, the government has the right to retain documents or any other items situated therein as evidence.[3] Further, plaintiff has an adequate remedy at law as to documents (which he claims may be in the boxes but in any event are never the subject of asset forfeiture proceedings) because he can serve a document request in a judicial forfeiture action to obtain them.

And merely alleging that some of counsel's clients believe property has been stolen, does not make it so, nor does it confer

---

[3] Ramsden v. United States, 2 F.3d 322, 326 (9th Cir. 1993) ("[t]he United States' retention of the property generally is reasonable if it has a need for the property in an investigation or prosecution"); United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (internal quotation marks and citation omitted) ("[g]enerally, a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues")(citation omitted).

equitable jurisdiction.  Indeed, should plaintiff wish to pursue that argument, he has filed a complaint that as a matter of law would not confer subject matter jurisdiction over his action.[4]

Finally, plaintiff's authorities do not support his position. Relying on a footnote in Ladele v. United States, 2010 WL 476957, *3 n.25 (C.D. Cal. Feb. 2, 2010), plaintiff argues that conclusory allegations of items not included within the USPV forfeiture notice precludes dismissal, but Ladele involved a completed (and not like here a commenced) administrative proceedings and did not involve an asset forfeiture proceeding but instead the U.S. Postal Inspection Service's different administrative abandonment statutes, regulations and proceedings pertaining to items stolen from the mail and governed

---

[4] Plaintiff's complaint is silent on the issue of stolen assets. Indeed, while any such claim for the loss of property must base subject matter jurisdiction on 28 U.S.C. § 1346(b), which is the statute establishing jurisdiction on claims against the government for monetary damages arising from the loss of property under 28 U.S.C. § 2671 et seq. (the Federal Torts Claims Act [the "FTCA"]), paragraph 2 of plaintiff's complaint plainly relies on 28 U.S.C. § 1331 (not 28 U.S.C. § 1346(b)) for subject matter jurisdiction. Actions for monetary damages against the government cannot proceed without an explicit waiver of sovereign immunity.  United States v. Mitchell, 445 U.S. 535 (1980).

Further, in order to establish subject matter jurisdiction for a FTCA claim, plaintiff's complaint must allege he has exhausted his administrative remedies, by sending his stolen property claim to an administrative agency and proof that the agency denied his claim, which has not occurred here and is a jurisdictional prerequisite for filing suit under the FTCA for monetary damages against the government; without that allegation, a complaint is properly dismissed for lack of subject matter jurisdiction.  28 U.S.C. §§ 2672 and 2675(a); Blair v. IRS, 304 F.3d 861, 864-65 (9th Cir. 2002); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  Moreover, plaintiff's claim under the FTCA would be barred in any event under the principle of sovereign immunity because the FBI obtained custody of the box contents while following their written inventory policies and the box contents therefore were not seized solely for the purpose of forfeiture.  Foster v. United States, 522 F.3d 1071, 1079 (9th Cir. 2008).

7

by 39 C.F.R. Part 946 (which includes 39 C.F.R. §§ 946.1 and 946.2 that describe those proceedings) (see Ladele at *2, citing 39 C.F.R. § 946.9).[5]  Plaintiff's other cases are similarly wide-of-the-mark.[6]

### III. PLAINTIFF SHOULD NOT BE ALLOWED TO PROCEED USING A PSEUDONYM.

Plaintiff has not discussed the government's cases showing he should not be allowed to proceed in this case using a pseudonym. Instead, plaintiff argues only that he is entitled to do so because discovery has not begun, but that argument ignores that the government has been prejudiced, as set forth in its moving papers, because it cannot offer irrefutable proof that the boxes (except for Coe who has identified his) plaintiff seeks to have returned are included within the forfeiture proceeding and the government cannot complete its process of returning items to boxholders whose boxes are not included in the forfeiture proceeding.  Moving papers 14:8-28.

Plaintiff argues he was well within his rights to "commence" this action using a pseudonym (oppo. 15:2-3), but the issue is

---

[5] In addition, the Ladele footnote refers to United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) and United States v. Clagett, 3 F.3d 1355 (9th Cir. 1993), both of which dealt with equitable jurisdiction to hear lack of proper notice of the administrative forfeiture proceedings claims, where a party's property had been forfeited in the completed administrative forfeiture proceedings without notice.  Those cases do not hold that property beyond that adjudicated in forfeiture proceedings (such as allegedly stolen property) is properly the subject of a Rule 41(g) motion.

[6] Serrano v. Customs and Border Patrol, U.S. Customs and Border Protection, 975 F.3d 488, 495 (5th Cir. 2020) (Fifth Circuit affirmed the district court's dismissal of Rule 41(g) motion in its entirety, which included both the contested due process and Rule 41(g) class claims and the same individual claims plaintiff conceded because plaintiff's property had been returned to him); U.S. v. Bluitt, 815 F. Supp. 1314 (N.D. Cal. 1992) (attorney had no adequate remedy at law because the attorney needed seized funds to defend his client and, without them, would be forced to withdraw and deprive client of the client's Sixth Amendment right to counsel of his choice in the criminal action).

8

whether he can proceed in this action at this time without revealing his identity to the government (see docket no. 17 in Doe, 2:21-cv-0283 (April 6, 2021 civil minutes at 5 n.3). Again, as the government previously discussed, plaintiff seeks total anonymity, which is extremely rare, so that his identity is not even revealed to the government. Moving papers 12:28-13:5. Plaintiff offers no genuine support for his argument because his cases are distinguishable as they involve litigation (typically at the TRO stage) regarding whether a law is constitutional on its face, which does not require knowledge of the identity of a particular plaintiff or distinct facts and circumstances regarding that person.[7] Here, by contrast, each plaintiff's case raises different issues, including distinct assets, facts and circumstances regarding the forfeitability of their property.

    Finally, plaintiff's Fifth Amendment arguments ignore that requiring a person to submit a claim does not constitute a Fifth Amendment violation. United States v. Yeager, 120 F.3d 264 (4th Cir. 1997) ("[a]ppellants' argument that they were exercising their rights against self-incrimination by not contesting the civil forfeiture is meritless. A defendant does not risk incriminating himself by claiming that he owns property that is subject to forfeiture")

---

[7] E.E.O.C. v. ABM Indus. Inc., 249 F.R.D. 588, 593-94 (E.D. Cal. 2008 (anonymity permitted where disclosure would identify plaintiffs as victims of sex crimes and plaintiffs had fear of severe physical harm); Doe v. City of Simi Valley, 2012 WL 12507598 (C.D. Cal. Oct. 29, 2012) (court permitted registered sex offenders and their spouses to challenge via a TRO the constitutionality on its face of an ordinance that made it a misdemeanor for the sex offenders to sell candy at their residences on Halloween); Free Speech v. Reno, 1999 WL 47310, *1 (S.D.N.Y. Feb. 1, 1999) (same, and involving challenge that FCC licensing regulations were overbroad and impermissible prior restraints on free speech); Publius v. Boyer-Vine, 321 F.R.D. 358 (E.D. Cal. 2017) (same).

(citation omitted); United States v. Cretacci, 62 F.3d 307, 311 (9th Cir. 1995) (noting same in dicta: "a defendant does not risk incriminating himself by claiming that he owns property that is subject to forfeiture").

Further, plaintiff's argument that submitting a claim requires him to pit one constitutional right against another is untrue because plaintiff can move in any future criminal case to preclude the government from using the claim as evidence in that case. In addition, claimants in civil forfeiture actions can assert claims based not just on an ownership interest in property but also based on a possessory interest, coupled with an explanation, in property (United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1119 (9th Cir. 2004)), so plaintiff's assertion ignores the decision that asset forfeiture claimants have to make in every single asset forfeiture case.

**IV. CONCLUSION.**

For the foregoing reasons, the government respectfully renews its request that its motion be granted and plaintiff's complaint be dismissed without leave to amend.

Dated: June 22, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

10