# EXHIBIT A

1  Benjamin N. Gluck - State Bar No. 203997
      bgluck@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
      nvandyk@birdmarella.com
3  Ashley D. Bowman - State Bar No. 286099
      abowman@birdmarella.com
4  Naomi S. Solomon - State Bar No. 321357
      nsolomon@birdmarella.com
5  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
6  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
7  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

Attorneys for Plaintiff Michael Moe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL MOE,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>  Defendants. | CASE NO. 2:21-cv-02990-RGK (MAR)<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**<br><br>*[Filed Concurrently with Declaration of Nicole R. Van Dyk In Support of Plaintiff's Surreply]*<br><br>Date: July 6, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>Assigned to Hon. Gary R. Klausner |

3727434.2

Plaintiff files this surreply to (1) address a new argument first raised by the Government in its Reply, (2) object to the Government's reliance on administrative forfeiture notices that this Court has, since the filing of Plaintiffs' Oppositions, found unconstitutional, and (3) correct a factual misstatement in the Government's Reply brief that is critical to the validity of the USPV claim contesting the Government's forfeiture notices.

## I.  The Government's New Claim That It Can Keep Plaintiffs' Non-Forfeited Property As "Evidence" Is Legally Wrong And Entirely Inconsistent With Its Prior Representations To This Court.

In its Motion to Dismiss, the Government asserted that Plaintiffs' cases should be dismissed because their property was being forfeited: "Because the government has commenced forfeiture proceedings against the assets [plaintiff] seeks to have returned, plaintiff cannot show that subject matter jurisdiction lies, plaintiff has an adequate remedy at law and the Court is divested of jurisdiction to hear plaintiff's case."  (Dkt. 22, Mot. to Dismiss, at 1:9-13.)

Plaintiffs pointed out in each of their Oppositions that, in addition to the myriad other problems with the Government's position, the Government does not claim it is forfeiting *all* the contents of *all* the boxes, and that Plaintiffs seek the return of property that simply is not on the Government's notice of forfeiture: "Each of the plaintiffs in these cases seeks the return of property –including cash, gold, jewelry, records, and other items – that is not listed on the Government's forfeiture notice."  (Dkt. 25, Opp., at 6:15-17.)

In its Reply, the Government asserts for the first time an argument that is not only brand-new, but is also wrong and contrary to its prior representations to Plaintiffs and the Court.  The Government now asserts that the Court cannot consider Plaintiffs' Motions for Return of property *that is not subject to forfeiture* because the Government intends to use that non-forfeited property as "evidence" to support its forfeiture of *other* property.  (Dkt. 26, Reply, at 6:15-17 ("As to boxes

within the forfeiture proceeding, the government has the right to retain documents or any other items situated therein as evidence.").)  In a footnote, the Government cites two cases purportedly in support this new argument: *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993), and *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).  But the Government's new argument fails.

*First*, *Ramsden* does not support the Government's position; on the contrary, the *Ramsden* Court exercised the very Rule 41 jurisdiction that the Government claims this Court may not assert here *and* ordered the Government to return the original seized documents to the movant.  *Ramsden*, 2. F.3d at 327.[1]  Thus, the Government cites *Ramsden* for the notion that this Court should do exactly *the opposite* of what *Ramsden* did.  Here, the Government is moving to dismiss Plaintiffs' claims *before* this Court exercises its equitable authority under Rule 41 to consider the request to return non-forfeited property.  But *Ramsden* expressly found the exercise of Rule 41 jurisdiction to be appropriate for this purpose.  *Id.* at 326 ("[W]e hold that the balance of equities tilts in favor or reaching the merits of Ramsden's Rule 41(e) claim.").  *Ramsden* does not support the Government's argument.

Neither does *Mills*.  In fact, *Mills* stands for the rather unremarkable principle that property that was *legally* seized and held by the Government generally can be retained by the Government for use as evidence.  *Mills* says nothing about retaining illegally seized property as evidence.  Moreover, as in *Ramsden*, the *Mills* court expressly considered the merits of Mills's Rule 41 claim, just as Plaintiffs ask the Court to do here.  *Mills*, 991 F.2d at 612.  Thus, the Government's reliance on *Mills*

---

[1]  Indeed, *Ramsden*'s consideration of the need to retain evidence concerned whether it was "reasonable" for the Government to retain only a *copy* of certain documents in order to satisfy its treaty obligations to a foreign government that sought to use them in a pending prosecution of the movant.  *Ramsden*, 2 F.3d at 327.

3727434.2

3

and *Ramsden* is entirely misplaced. Both cases stand for the notion that the Court *should* exercise its Rule 41 jurisdiction, and therefore deny the Motion to Dismiss.

***Second***, the Government's blanket assertion that it is keeping *all* of Plaintiffs' non-forfeited property as "evidence" is absurd. Plaintiffs expressly asserted that they are seeking the return of "property – including cash, gold, jewelry, records, and other items – that is not listed on the Government's forfeiture notice." (Dkt. 25, Opp., at 6:15-17.) It is hard to understand how cash, gold, and jewelry all would be "evidence" for the forfeitability of *other* property and the Government makes no effort to explain its flat assertion. This unexplained and unsupported assertion about property the Government concedes is not subject to forfeiture cannot be enough to divest this Court of jurisdiction over claims involving such property.

***Third***, the Government asks this Court to create a dangerous new precedent that would tear a gaping hole in the Fourth Amendment. The Government does not dispute that its seizure of Plaintiffs' property was not authorized as a criminal search or seizure. *See, e.g., Coe v. United States,* 2:21-cv-03019, Dkt. 25-1 at 8-9 (attaching warrant and affidavit). Thus, no search or seizure warrant permitted the Government to do anything other than protect the property belonging to USPV box holders and return it to its owners as soon as practicable. The Government does not claim that any Court has since authorized its retention of this property as "evidence." Despite this lack of authorization, the Government now contends that so long as it "declares" that it is keeping the non-forfeitable property for "evidence" purposes, *no Court has jurisdiction to even consider the reasonableness of this deprivation*. And in support of this breathtaking expansion of unreviewed and unreviewable Governmental seizure power, it cites two cases that both stand for the well-established proposition that the Court *emphatically should* consider the reasonableness of the seizure. Suffice it to say that extraordinary contentions require extraordinary support and the Government supplies no support whatsoever.

*Fourth*, Plaintiffs must also call attention to the Government's shifting statements to this Court because they underscore the plain insufficiency of the Government's "evidence" assertion. The Court will recall that in early April 2021, the Government successfully urged this Court to deny a TRO request by one of the Plaintiffs based on the Government's assertion that "no searches of his property are now occurring *or are planned*." *Doe v. United States,* 2:21-cv-02803, Dkt. 15, Opp. to *Ex Parte* App. for TRO, at 1:12-13 (emphasis added). The Government further asserted that there could be no ongoing constitutional violations because "the inventorying of the contents has been completed." *Id.* at 7:3. This now stands in stark tension with the Government's new position that it needs to retain *everything* in Plaintiffs' safe deposit boxes for "evidentiary" purposes. When did these evidentiary searches happen? Taking at face value the Government's promise to Magistrate Judge Kim that it was conducting only a limited "inventory" and "inspection" and would stop once it determined ownership,[2] and taking at face value the Government's assertion that it was conducting no further searches after it left the USPV premises on March 26,[3] how is it possible that the Government *even knows* the contents of, for example, *all documents* in *every* box? Certainly, the Government's newly asserted need for evidence renders the scrutiny of a Rule 41 proceeding more necessary than ever.

## II. Plaintiffs Object To Any Forfeiture Proceeding Relying On Notices That This Court Has Since Found Constitutionally Insufficient.

Plaintiffs request that the Court consider the effect of its recent decision granting the plaintiffs' request for a temporary restraining order ("TRO") in

---

[2] *Coe v. United States*, No. 2:21-cv-03019-RGK-MAR, Dkt. 25-3 at 9-10 ¶ T.

[3] *Doe v. United States*, No. 2:21-cv-02803-RGK-MAR, Dkt. 15 at 2-3 ("all the inventory searches were completed by March 26, 2021, so [Doe's] property will not be searched again, absent additional justification, such as a search warrant for a specific box or boxes.").

*Snitko v. United States*, 2:21-cv-4405-RGK-MAK, on the asserted grounds for the Government's Motions to Dismiss in these cases. Plaintiffs filed their Opposition to the Government's Motion to Dismiss on June 15, 2021 (Dkt. 25), before this Court issued an order granting plaintiffs' TRO in *Snitko*. In that Order, the Court found that the "anemic" language of the Government's administrative forfeiture notices failed to satisfy Due Process. *Snitko*, Dkt. 52 at 5.

Because the Government used the exact same in language in all of its administrative forfeiture notices, including the notices purporting to forfeit some of each Plaintiffs' seized property, Plaintiffs notified the FBI and the Government of their objection to any administrative forfeiture based on the constitutionally insufficient notices. (Declaration of Nicole R. Van Dyk ("Van Dyk Decl.") ¶ 3, Ex. A.) Plaintiffs now assert this defect and their objections to it as yet another reason why the Government's motions to dismiss should be denied: the Government asks this Court to defer to the administrative forfeiture process, but the Government has done nothing to correct the constitutional violation this Court has identified in that process. Plaintiffs should not be denied their ability to proceed in this Court in favor of administrative forfeiture proceedings that this Court has already deemed constitutionally defective.

### III. The Government's Reply Mischaracterizes the Valid USPV Claim Contesting the Administrative Forfeiture of Some of Plaintiffs' Property.

Even if the Court declines to rule on the validity of the Government's forfeiture notices in these Plaintiffs' cases, it still should permit Plaintiffs to correct the record with respect to a key "issue[] in need of resolution"—namely, the existence of a valid forfeiture claim for each Plaintiff's property. *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-02024-RMW, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (considering surreply that "helped to crystalize the disputed issues").

U.S. Private Vaults ("USPV") submitted to the Government a valid claim contesting its administrative forfeiture of each of the Plaintiffs' property. Plaintiffs stated as much in their Oppositions to the Government's Motion, pointing out that USPV submitted a June 11, 2021, claim as bailee for all of the assets seized during the search and for all assets listed on the May 20, 2021, notice of administrative forfeiture sent to USPV, and attaching a copy of the USPV claim. (Dkt. 25, Opp., at 9-10.) Yet in the Government's Reply brief, counsel asserts, with respect to this claim:

> The USPV claim is invalid because a claim must "[b]e made under oath by the claimant, <u>not counsel for the claimant</u>, and recite that it is made under penalty of perjury, consistent with the requirements of 28 U.S.C. 1746." 28 C.F.R. § 8.10(b)(3) (emphasis added); Jobe Decl. ¶ 4. The USPV claim is signed by USPV's attorney (Michael Singer, Esq.), not USPV itself. *See* Docket 28-3 (Gluck Decl. Ex. B [USPV claim--*see* page 2 of 24 identifying Michael Singer as attorney and page 5 of 24 reflecting that attorney Michael Singer signed the claim]).

(Dkt. No. 26, Reply, at 3:14-22 (emphasis in original).)

The Government's representation baldly mischaracterizes the document. While Mr. Singer indeed happens to be an attorney, he explicitly identified himself

as not just USPV's attorney, but also as its "Authorized Representative" (*Coe*, Dkt. 37-3 at 2), and he explicitly signed under penalty of perjury as such:

> Case 2:21-cv-03019-RGK-MAR   Document 37-3   Filed 06/15/21   Page 5 of 24   Page ID #:376
>
> **SECTION V – DECLARATION**
>
> *The following declaration must be completed by the claimant.*
>
> I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.
>
> _____[signature]_____
> Signature
>
> Michael Singer,
> U.S. Private Vaults Attorney ==and Authorized Representative==
> Printed Name
>
> 6-9-21
> Date
>
> If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

(*Id*. at 5 (enhancement added).) The Government's description of Mr. Singer's capacity leaves out this critical fact and instead flatly asserts that he signed (only) as an attorney.[4]

The Government filed its Reply, including this mischaracterization, on June 22. The very next day, counsel for Plaintiff sent a letter to Government counsel asking that it submit an errata clarifying this error in its Reply so as to avoid misleading the Court. (Van Dyk Decl. ¶¶ 4-5, Ex. B.) Government counsel never replied. (*Id.*)

---

[4] "A corporation is, of course, a legal fiction that cannot act at all except through its employees and agents." *Black v. Bank of Am.*, 30 Cal. App. 4th 1, 6 (1994). There is no rule that says an attorney cannot *also* act as an agent of a corporation to make a claim in forfeiture, as Mr. Singer said he was. *See, e.g.*, Smith, *Prosecution and Defense of Forfeiture Cases*, ¶ 6.02[4][b], at 33 n.66 (attorney *may* make claim under penalty of perjury if attorney has personal knowledge) (*citing United States v. Funds From Fifth Third Bank*, 2013 WL 5914101 (E.D. Mich., Nov. 4, 2013)).

## IV. CONCLUSION

Plaintiffs still submit that the Government's Motions to Dismiss should be denied. *First,* the Government's new claim that it needs all of Plaintiffs' non-forfeited property as evidence should be rejected: no case supports the notion that the Government can declare a need to keep non-forfeited property seized without a warrant as "evidence" and use that declaration to avoid any judicial review of its deprivation of Plaintiffs' property. *Second,* this Court's ruling on the constitutional invalidity of the Government's forfeiture notices renders Plaintiffs' complaints before this Court appropriate and necessary to address Plaintiffs' claims. *Lastly*, USPV's administrative forfeiture claim is valid because Mr. Singer properly signed it as an "authorized representative."  For these reasons and the reasons set forth in Plaintiffs' Opposition briefs, the Government's Motions to Dismiss Plaintiffs' Complaints should be denied.

DATED:  June 28, 2021              Respectfully Submitted,

Benjamin N. Gluck
Nicole R. Van Dyk
Ashley D. Bowman
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:     /s/ Benjamin N. Gluck
           Benjamin N. Gluck
        Attorneys for Plaintiff Michael Moe

3727434.2
9
PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION TO DISMISS COMPLAINT
**EXHIBIT A TO EX PARTE APPLICATION, PAGE 18**